UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES F. WILLIAMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3079-SEM-TSH |
| | ) |
| SANGAMON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff James F. Williams, Jr.'s claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

# II.
# ANALYSIS

Williams is a pre-trial detainee located at the Sangamon County Jail (also known as the Sangamon County Detention Center) and is currently awaiting trial. Williams alleges that he has been injured twice while cleaning the air vent in his cell. The first time, Williams scraped his finger on a piece of metal that was protruding from the vent. Williams acknowledges that this first injury was not serious.

The second time, a piece of metal fell from the vent into Williams' eye. Williams required and received medical attention for his eye injury. Jail officials came to Williams' cell two days later and cleaned the air duct and vent in Williams' cell.

Williams claims that the Jail officials have subjected him to cruel and unusual punishment by forcing him to live in unsanitary conditions based upon the fact that the air vents were rusty and dirty. This condition led to the metal falling into his eye and forced him to breathe dirty air.

The Fourteenth Amendment's due process clause provides protections to Williams as a pre-trial detainee. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The United States Court of Appeals for the Seventh Circuit has stated that the Fourteenth Amendment's protections are "'at least as great as the protections available to a convicted prisoner under the Eight Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

Two problems exist with Williams' Complaint. First, Williams has not sued a proper party Defendant. Williams has filed this suit under 42 U.S.C. § 1983. Section "1983 applies only to a 'person' who acts under color of state law." *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). The "Sangamon County Jail" is not a "person" that may be sued under § 1983. *Wright v. Porter County*, 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v. Sangamon County Jail*, 2012 WL 4434724, * 2 (C.D. Ill. Sept. 24, 2012)(same).

Second, Williams has failed to state a cause of action upon which relief can be granted.  The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id.* at 838.

Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985).  "[M]ere negligence or even gross negligence does not constitute deliberate

5

indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Here, Williams does not allege that the Jail officials were aware of the conditions in his cell before he sustained his injury. Indeed, Williams alleges that Jail officials remedied the situation two days after he reported it to them.

Furthermore, Williams' allegations regarding the conditions of his cell do not state a claim for deliberate indifference or a violation of his due process rights. A rusty or dirty vent does not arise to constitutional significance as not all prison conditions trigger Eighth Amendment (or Fourteenth Amendment) scrutiny–only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Farmer,* 114 S. Ct. at 1976.

Conditions of confinement implicate the Eighth Amendment only when they exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579

(7th Cir. 1994). "A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test (whether the conditions can be considered cruel and unusual) and a subjective test (whether the defendants acted with a culpable state of mind)." *Smith v. Melvin*, 1996 WL 467658, * 1-2 (7th Cir. Dec. 14, 1996).

Here, Williams has not alleged conditions so egregious that would trigger the Eighth Amendment's protections. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992)(objective component met where prison conditions were "so strikingly reminiscent of the Black Hole of Calcutta"). In sum, prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988). Accordingly, the Court finds that Williams' Complaint fails to state a cause of action upon which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion to proceed in forma pauperis [2] is GRANTED. Pursuant to 28 U.S.C. Section 1915(b)(1), the Clerk of the Court is directed to determine the amount, if any, initial partial filing fee is due based upon Plaintiff's ability to pay. The agency having custody of Plaintiff is directed to make monthly payments of

twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of Court. The agency having custody of the Plaintiff shall forward these payments each time Plaintiff's account exceeds $10 until the filing fee is paid in full. Plaintiff is liable for the filing fee despite the fact that the Court has dismissed this case. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement to the attention of the Trust Fund Office.

2. Plaintiff's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Williams' claim is not cognizable.

3. This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to

appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

5.     **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. Plaintiff's motion to proceed in forma pauperis [2] is GRANTED. All other pending motions are DENIED as moot.**

ENTER:     April 7, 2014

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
